Counsel for Philip, please proceed. We're ready. Thank you, Your Honor. May it please the Court, Amy Cleary on behalf of Eric Romero-Lobato. I'll reserve two minutes for my rebuttal and I will watch my clock. Thank you, Counsel. This case returns to the Court after a remand following the Court, the prior panel's decision to take Mr. Romero-Lobato's 924C conviction away and it was remanded for plenary resentencing. Today, I'd like to address two of the procedural errors that occurred during that plenary resentencing, unless the Court directs me otherwise. The suspicionless search condition and the District Court's failure to address Mr. Romero-Lobato's mitigation arguments in favor of a 204-month sentence. Beginning with the suspicionless search condition, this Court's cases in the United States v. Weber, United States v. Wolfchild direct that if a court is going to impose a supervision condition that involves a defendant's significant liberty interest, certain things need to happen. That requires the District Court to identify on the record with record evidence why that condition is one that involves no greater deprivation than reasonably necessary. That did not occur here. Can I ask, the cases you're referring to were not just any liberty interest. They were, I mean, we described them as the interest in avoiding unwanted bodily intrusion. I mean, there was a much higher degree of intrusiveness. What, why should they apply in this context? The liberty interest in those cases was indeed, as Your Honor has indicated, but individuals on supervised release do have remaining significant liberty interests. No Supreme Court case has indicated otherwise, nor has any case from this Court. In fact, other courts have recognized, and I'll cite the court to United States v. Olivares, it is not cited in our brief, I'm happy to provide the site, where the Second Circuit found that, yes, individuals on supervision do have a remaining liberty interest, specifically under the Fourth Amendment, and as such, it needs to be clearly limited and refined as necessary in the facts before it. Well, I mean, there's no question that there's a liberty interest. I guess the question is, why is it, you know, so significant and such an intrusion onto bodily autonomy, or why is it such an intrusion that it should be treated the same as an intrusion on bodily autonomy, which is the only context in which we've recognized this sort of heightened procedural requirement that you're invoking here? The Fourth Amendment protects individuals, among other things, home. The home is one of the most precious things that has been honored by the Supreme Court as one deserving of protection. We already have a condition in this case under the standard conditions that allows a probation officer to enter Mr. Romero-Lovato's home without a warrant to do a home visit, but what we're talking about is those very special Fourth Amendment protections of someone's their property, their person. Can we not read the prior decision by our court in upholding the special condition that was in the prior sentence as having already passed a judgment on this question of whether or not this rises to the level of the liberty interest that requires the kind of protection that you're arguing for? I do not, Your Honor, and that is because that issue, number one, was raised on plain air. So the standard of review that we're dealing with is separate. Additionally, and probably more importantly, the prior panel addressed this issue as a, quote, warrantless search issue. It never engaged in the analysis that we're asking this court to engage in regarding the suspicionless search clause. So I don't see that it is binding on this panel or that it addressed that specific issue. When the district court imposed the sua sponte suspicionless condition, it did so in a way that prohibits this court from determining if it, in fact, made a decision that was consistent with 18 U.S.C. 3583, which requires no greater deprivation than necessary. I'd like to also turn to, and let's, let me, before you turn to your next issue, so the request that you're making is merely for a vacatur of the sentence and allow for your client to be able to make an objection with respect to the suspicionless search condition? Certainly that's an option, Your Honor. We have requested in our brief that the court just strike the condition, but of course, if the court wants to remand and ask that the district court make findings based on objections raised below, that is appropriate as well. Counsel, is it appropriate for us to be able to discern from the record the reason that the condition was imposed? I don't think... If we can discern that from the record, does that negate your issue? No, Your Honor. Why not? This court's case law requires that to pull things from the record that are not specifically stated, it needs to be apparent. When you look at the reasons that the government provided the district court as post hoc justifications for the condition, those are rather general. Do any of our cases, and Wolfchild and any of the others that talk about the requirement for there to be appropriate notice and opportunity to object, contemplate a circumstance like the one Judge Rawlinson is asking about, and where maybe there is, I think as was the case here, a sua sponte explanation for why the record supports the special condition? Why would we still need under our case law to have the notice and opportunity to object? Under United States v. Wise, Your Honor, if a court does not give advance notice, the defense is prejudiced in a couple ways. The defense does not come to the hearing with cases or argument able to have a conversation with the judge about why the condition should or shouldn't be imposed. But why wasn't the fact that this was imposed before advance notice? I mean, the judge imposed this condition. Then there's a, you know, vicator and remand because of, you know, a largely unrelated issue, the Hobbs Act attempt issue. And then he's back before the same judge. Shouldn't he have been on notice that, you know, that was going to be on the table? If the district court would have just removed the 924C sentence and imposed everything as it had before, I think that would probably be a tougher argument for me. But here we have a complete do-over of the sentence. And this was in fact a different condition, both from what had been previously imposed and also what was suggested in the PSR, right? The pre-sentence report had a condition that, correct me if I'm wrong, but was for a search with probable cause, correct? And then the district court judge imposed a sentence for or a condition of a suspicionless search. Just a small tweak on that, Your Honor. The condition that the probation officer recommended did have a reasonable suspicion requirement. So when everyone's walking into the hearing, knowing that his sentence was lowered, the severity was lowered, we're doing a de novo resentencing. The court struck it with no notice. It's not as if the district court said, counsel, I'm contemplating striking this, let's have argument. In fact, when the court sua sponte struck it and defense counsel attempted to make argument, the district court simply said, so noted. There was no conversation. If I could just speak very briefly. So counsel, if we, if we abided by your request and we struck that condition, then there would be no search condition imposed upon your client? No. If you struck it, there would be no search without a warrant. I don't know why we would do that as opposed to simply send it back for your client to make the objection that he sees fit and let the district court make a determination in the first instance, if we were to agree with you on the other arguments And the court absolutely has that option. The court can remand it so that this could be handled with everyone on the same page. Everyone gets to make the objections. The court gets to have the argument and, you know, whatever happens, happens at that point. The complaint is that he didn't have adequate notice and opportunity to lodge a complaint or an objection and have the court explain the specific reasons under Wolfchild that the condition is, is justified. Correct. Correct. Counsel, what's our standard of review? Arguably, because there was no notice, it could be de novo review, but we've argued it under as an abuse of discretion. And I, and I cite United States versus Reyes from this court, 18 USC, 18 F fourth, 1130 for the de novo, even under a plain error situation in that case. So you, it's your view that this constitute abuse of discretion? Yes, Your Honor. And so is this subject to a harmless error review? It is. The government didn't argue it as harmless error, but there, there is definitely error here, Your Honor. All of the arguments that I've addressed in the appellate briefing as to why this condition should not be imposed were not available to defense counsel below. If, if, if we were to determine that there is little likelihood that the outcome would be different, would that be harmless error? I think this court's case law, and I cite United States versus Hammonds, that even in that case, it was a month would have been different for incarceral term to send it back. Would that be different enough? If we were persuaded that the condition would not be changed on remand, would that be harmless error? I don't, I don't know, Your Honor. I think that there is an argument that that could be true, but given that none of the arguments were made below, we also know that sadly, because of the district court judge, we're going to be in front of another judge. So we don't know that this would be exactly the same. And as to the reasonable suspicion condition, the district court did not say, as it did with its sentence, that I don't see if this comes back that I would change anything. That didn't occur with the search condition. All right. Thank you, counsel. You've exceeded your time, but we'll give you a minute for rebuttal. Thank you, Your Honors. Good morning. May it please the court. Peter Walkingshaw on behalf of the United States. The district court in this matter has imposed the special condition of supervised release, permitting suspicionless searches of the defendant's person, home, and automobiles twice now. It need not do it a third time. Defendant was given more than adequate opportunity to contest this condition. Where was the notice, counsel? The opposing counsel said there was no notice. So where in the record can we go to verify that there was notice of this condition given to the defendant? Well, we have moved for judicial notice, Your Honor, of this court's prior proceedings. Did that address the suspicionless search, though? It did, Your Honor. And I will confess to a little bit of confusion. I'm not aware of any way in which the original search condition imposed at the first sentencing differs from the one imposed on appeal here. And so this court's affirmance of that condition, admittedly on plenary review, but its affirmance of that condition confirms that that condition was within the range of reasonable conditions that the district court could impose here. And even if we don't think that, you know, I know you've made an argument that there's a law of the case that binds us, but even if we don't accept that, I take it your view is that he was at least on notice that exactly the same condition could be imposed on the second sentencing. That's correct, Your Honor. I'm not sure how— It's true, though, that the PSR recommended something different, and then at the sentencing, the judge, it removed the reasonable, the probable cause provision and imposed the sentence. So, I mean, it was different. What he had been given notice about in the PSR was that there would be the special condition for a search with probable cause. Well, two points, Your Honor. First, I believe it was with reasonable suspicion, not with probable cause. Okay. More to Your Honor's point. I don't know that the probation department's issuance of a PSR can take a defendant off notice that a district court is contemplating imposing a condition of supervised release that it had already imposed and this court had affirmed on appeal. I believe when the district court imposed the condition, what it said was, and I'm paraphrasing here, was, I believe that this is the condition that the Ninth Circuit affirmed or that I previously imposed. So there's really no question that the defendant was given affirmative notice that the district court was contemplating this because it imposed this exact condition. And I'm not aware of any authority that the probation department, which, while an arm of the district court, is not the district court itself, could somehow take the defendant off notice that this was a condition that could be reasonably applied. So your argument essentially is that there was a prior sentence with this condition that was ultimately sent back to the district court for resentencing on a separate issue. Correct. And but he should remain on notice about all the other special conditions that may be imposed. Correct, Your Honor. I think that's true for a few reasons. One, just the fact of this court's affirmance itself, I'm not sure how the district court could honor this court's order without reaffirming the addition. I suppose it could have changed its mind on plenary resentencing, but the remand order, the opinion that this court set forth, it deliberately decided not to touch the substantive reasonableness of the court's decision. But it was on plain error review. That is correct, Your Honor. However, if it didn't think it was something that it could reasonably address, that if plenary resentencing was something that would basically obviate the issue, it could have declined to address the issue in the opinion. And we know that because the prior plano declined to address the issue of the substantive reasonableness of Mr. Romero-Lobato's sentence. And so the district court is bound by the orders of this court, and I'm not sure how else it could have honored the order on remand. So now I think what you're arguing is that it was required to impose this special condition. I don't think that's right. Well, Your Honor, it's certainly within the reasonable range of options available to the district court. Those are very different things. Arguing that the prior panel's decision bound the district court to impose the same special condition to, oh, but it had the opportunity to do the same thing, and therefore the defendant was on notice are two very different things. And I think you're asking us to make a lot of assumptions sort of in agreeing with your position that both notice was given, and now I suppose you're arguing that the district court had no choice but to impose this special condition. I take your point, Your Honor. Perhaps that was overstating the issue. I do not think that the district court was obligated to reimpose this condition, but I do think that this court's affirmance puts the defendant on notice that this is a condition that could reasonably impose. Counsel, may I ask you about that? So in our prior ruling, we said we were reviewing warrantless searches. Is that the same as a suspicionless search? Well, Your Honor, I think it's important to note that when one... Okay. Could you answer my question first? Is a warrantless search the same as a suspicionless search? Not necessarily, Your Honor. Okay. So that's what we ruled. We ruled on warrantless searches. So how did that give notice of a suspicionless search condition? Well, Your Honor, the way that this condition was litigated in the prior appeal was explicitly with reference to the lack of a limiting phrase that the searches could only be conducted with reasonable suspicion on the part of the probation officer or someone under their direct supervision. That also is the phrase that was struck here. The current condition actually has no reference one way or another to reasonable suspicion. And the authority that the prior panel of this court cited, United States v. Betts, explicitly dealt with a condition which this court said was materially indistinguishable. That condition concerned warrantless searches with or without probable or reasonable cause. Can I ask you sort of a practical question? Do you agree that a limited remand is appropriate in this case under our decision in Montoya? We have agreed to that, Your Honor. So this is going back on the limited remand under Montoya. Correct. What's the problem with sending this back for the district court to state on the record the basis for the special condition that's being imposed and allowing the defendant here to lodge an objection? Well, Your Honor, it is going back on what we agreed is a limited remand. But in order for the court to vacate and reverse other portions of the decision, it needs to have a legal basis to do so. Well, I mean, the legal basis would be that there was an adequate notice. Certainly. Yes. And we disagree with that, Your Honor. The problem with that is, given that this exact same condition was previously imposed, previously affirmed, and sent back to the district court on a totally unrelated issue, the defendant was given adequate notice that the condition might be reimposed. Thank you, Your Honor. Unless there are further questions, I'm happy to yield the balance of my time to the court. It appears not. Thank you, counsel. Thank you. Rebuttal. Let's have one minute. I would like to address whether Mr. Romero-Lobato had sufficient notice. In cases where this court has found there was sufficient notice, it was because it was in the party's plea agreement, or it was discussed by the court ahead of time specifically, or it was part of an original sentence. This was discussed by the court ahead of time specifically. It was actually imposed by the court ahead of time, right? It was imposed. It wasn't discussed. But that entire sentence was redone under a plenary sentence, and the court unbundled everything. Right. But if the defendant is, I mean, the point of notice is the defendant is supposed to be thinking, what might the court do? He doesn't have notice that the court might do exactly the same thing that it had just done? I think under the totality, Your Honor, he would not. His convictions decreased substantially by removing the mandatory minimum 10-year sentence. That's a hefty part of his sentence. So he's walking into sentencing with less criminal liability and less criminal exposure and a pre-sentence report that recommended reasonable suspicion that the government didn't argue against or suggest otherwise. Can I ask? I know you're over your time, but if I could ask one more question. So when the, at sentencing, and I'm looking at year 29, when the court announces that it's striking the based unreasonable suspicion, counsel objects. He says, I understand the court's ruling there. I would just like to lodge an objection to that so that the record is clear. But he doesn't say, you know, I had no idea you were about to do this. I would like some more time to like develop my objection or explain why I think this is wrong. I mean, does that have any significance for our review, in your view? No, Your Honor. Under this court's decision in U.S. v. Reyes, the district court in that case said almost the same exact language that this court did by saying, so noted, which this court interpreted as conversations over. So in that case, they applied de novo review, even though the government argued it was plain error to not say I didn't get sufficient notice because of the way that the district court responded to the defendant's objection. All right. Thank you, counsel. Thank you. Thank you to both counsel for your helpful arguments. The case just argued is submitted for decision by the court.
judges: RAWLINSON, MILLER, DESAI